The opinion of the Court was delivered by
Whitner, J.
Two questions presented in the grounds of appeal have been particularly pressed in the argument of this case: — the one growing out of the pleadings, the other a rule of evidence.
The plaintiff sued the defendant in case as an inkeeper, to recover damages for a horse committed to his care and killed in his stable.
The motion for nonsuit was not formally abandoned. The grounds suggest “ absence of proof of property in the plaintiff and of negligence on the part of the defendant.” The verdict of the jury, to whom these questions were properly committed, furnish a sufficient reply.
Whether the plaintiff has sufficiently stated his property or interest in the chattel to retain his verdict, presents an inquiry of more difficulty. The objection would have been better presented by way of demurrer, being then free from embarrassments growing out of collateral matters and subsequent proceedings. The defect must be radical to justify such interposition as *531 that now asked, when the .whole costs of litigation have been incurred and the questions of right decided by a jury. This objection. therefore, encounters a strong disposition to aid the right, or, as it is termed, to help the declaration. Approved forms of pleading and adjudged cases, suggest a better statement than that adopted in this instance, and although the strict nicety of former years may .be somewhat relaxed in later times and in our Courts, sufficient precision and accuracy are still necessary and must be required.
The declaration properly charges the obligation of innkeepers to keep and preserve such guests and their goods and chattels as may be in the lawful custody of such innkeepers, and their corresponding liability for default and negligence — that defendant was an innkeeper — that the plaintiff sojourned in the inn of defendant, on a day stated, and “ then and there delivered into the lawful custody of defendant divers goods and chattels, and amongst the said goods and chattels a horse,” &c., which defendant then and there had in his lawful custody — followed with a proper allegation of loss and consequent damage.
Title is not the gist of this action, though some property or interest in the subject matter of'the suit must be stated and proved.
“ The fundamental rule,” says Chitty, “ upon the subject of showing title in actions ex delicto is, that as against a mere wrong-doer or person apparently having no color of right, mere possession suffices, and a special statement of title is unnecessary.” Again: “ In personal actions, therefore, title is mere inducement, at least in a pleading point of view, as regards the declaration.” (1 Chitty Plead. 379, where will be found full references to authorities — 10th Amer. edition.)
Mere possession, in the proof, would sustain an allegation of property in the pleading. A bailee may certainly maintain an action “ against such as injure or take away the chattels ” in his custody. (2 Bl. Com. 452.) This is true as to a mere depositary, and yet an inquiry into the property he may have, or whether it is not a custody only, is one of much perplexity. (Co. Lit. 145; 3 Atk. 49; 1 Ld. Ray. 275.)
*532 It is true, there is a distinction between title and possession, the owner and possessor, and when essential to be maintained, should not be confounded. As contra-distinguished, possession is but the actual exercise of that power which ownership has the right or legal capacity to exercise. When opposed to each other, the distinction becomes palpable and may be material, otherwise it may be wholly immaterial. The allegation here of the delivery of this chattel, implies so necessarily the fact of possession in the plaintiff, that illustration is not required. The recital in the declaration is in aid of this view.
An action on the case for nuisance was sustained on plaintiff’s allegation of possession for a term of years, without showing the commencement of the term,- the title being only inducement to the action. (2 Mod. 71.) To same point may be seen 2 Vent. 292; Cro. Jac. 43, 123.
A declaration is the' statement, on the part of plaintiff, of his cause of action. Yet when the facts sufficient to maintain that action are correctly set forth, it is alleged the declaration in this particular may not be sustainable. This must be formal, not substantial.
Whatever may be the difference of opinion and authority on this point, we are not to lose sight of the fact, that the defendant has declined his opportunity of demurring, and plaintiff has had a recovery against him on this point, wherein it is presumed he was held to satisfactory proof. (1 T. R. 545, 704.) So that although an omission of the gist of the action would not be thereby aided (Cowp. 825) or a defective title thereby supplied, yet it is otherwise as to a good title, though defectively set forth. (2 H. Bl. 261.)
As stated by Comyn, who, Lord Kenyon says, (3 T. R. 64,) “ was considered by his cotemporaries as the most able lawyer in Westminster Hall,” and his opinion, therefore, “ alone of great authority,” “a verdict will cure a defect in the mode of stating a title, but not one in the title itself.” (6 Com. Dig. 98, Plead. C. 87, relying on the authority of 4 T. R. 470; 2 Bur. 1159; Doug. 683.)
*533 Quite an array of American authority may be found collected by Day in Com. Dig. Plead. C. 87, of instances in which want of averment after verdict shall be intended to have been supplied by proof, and as to what defects will be cured by verdict, (pages 99, 100). These are sufficient for the determination, of this point in the case, adverse to the motion in arrest of judgment.
As to the remaining ground, for new trial, because the defendant was not permitted to rejoin in evidénce, in the case made, this Court concurs in the ruling below.
The state of the pleading had not placed this defendant in the position of affirmation and rejoinder, such as he claimed, hence no objection may be well founded from any analogies in such a case.
The facts proved on the part of the plaintiff, and the legal presumptions arising, had devolved on the defendant a full exhibition of every matter, by way of excuse, for the negligence or want of diligence, whether arising from the conduct of the plaintiff, or of actual diligence on the part of defendant, in providing proper stalls and fixtures for the safe keeping of the property in his custody. To these inquiries his testimony was properly directed and fully heard. The evidence of the plaintiff, as to the true condition of the stall, stated no new matter of inquiry. It was strictly in reply to defendant’s testimony, and a rejoinder only on the part of plaintiff, because in corroboration of the position first established by his direct proof. Any other rule would introduce an endless investigation. The illustrations furnished in the anonymous case, (1 Hill, 251,) on the second ground of appeal there taken, are deemed sufficient for this branch of the case.
The motions for nonsuit, in arrest of judgment and for new trial, are refused.
O’Neall, Frost and Withers, JJ. concurred.